FILED

DEC 1 5 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**DR. MONICA FLEMING**              )
                                    )
        **Plaintiff,**              )
                                    )
                                    )     **CIVIL ACTION NO.**_____
                                    )     **SA21CA1234**
**v.**                              )
                                    )                    **XR**
**METHODIST HOSPITAL/HCA**          )
**HEALTHCARE/METHODIST**            )
**MINISTRIES**                      )
                                    )
        **Defendants.**             )     **JURY TRIAL DEMANDED**

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Monica Fleming ("Plaintiff" or "Fleming") brings this action for racial and color discrimination, retaliation, harassment, and a hostile work environment in violation of national origin discrimination in violation of Title VII, 42 U.S.C. 2000e, et seq. against Defendants Methodist Hospital/HCA Healthcare. ("Defendants" or "Methodist Hospital/HCA and including personnel Laci Reynolds, David Enriquez, Damaris Alfonso, Deanna Mazzei, Lori Evans, Dolores DeHoyos, Gabriela De La Rosa, Alicia Dittenhoefer, Janelle Lopez, Kevin Scoggins, Dan Miller, Erica Rocha, Lori Allessee, Michelle Coburn") and would respectfully show the Court as follows.

### COMPLAINT

1.      This is an action for declaratory judgement, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by the "The Civil Rights Act of 1991,"

42 U.S.C. § 1981 a (hereinafter "Title VII") and 42 U.S.C. §§ 1981 and 1983, which provider for relief against discrimination in employment on the basis of race. Specifically, Plaintiff alleges that the Defendants discriminated against her based on her race, African American, in the terms and conditions of her employment in violation of Title VII and 42 U.S.C. §§ 1981 and 1983. The Plaintiff seeks compensatory damages and requests a jury trial pursuant to 42 U.S.C. § 1981a.

2.      Plaintiff alleges Methodist Hospital/HCA Healthcare unlawfully subjected her to a discriminatory work environment based on her race, African American; discriminated against her based on her race, in the terms and conditions of her employment including pay, promotion and discipline, and denied her specific promotions based upon her race.

## JURISDICTION AND VENUE

3.      The unlawful employment practices alleged herein were committed by the Defendants within Bexar County, Texas. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and 42 U.S.C. § 2000e-5.

4.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5; and 42 U.S.C. §§ 12112, 12117(a) and 12203, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a and the "Civil Rights Act of 1866," as amended by § 101 of the "Civil Rights Act of 1991," and codified at 42 U.S.C. §§ 1981 and 1983.

5.      The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

## PARTIES

6.        Plaintiff is a citizen of the United States, and a resident of the State of Texas.

Fleming was employed by Defendants from March 05, 2016 to August 24, 2021.

7.        Defendants, Methodist Hospital/ HCA Healthcare (hereinafter sometimes referred

to as "Methodist Hospital HCA") is an employer within the meaning of 42 U.S.C. §

2000e(a), (b), (c) and (k). At all times relevant to this action, Methodist Hospital/HCA

has employed at least fifteen (15) or more employees.

8.        At all relevant times, Plaintiff was an employee of Defendants Methodist

Hospital/HCA Healthcare within the meaning of Title VII.

## ADMINISTRATIVE PREREQUISITES

9.        Plaintiff has met all administrative conditions precedent for the filing of this case

under Title VII. Plaintiff timely filed a charge of discrimination and has received her

Right-to-Sue Notice. Plaintiff has timely brought this action following the issuance of her

Right-To-Sue Notice.

10.       Plaintiff timely filed her charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") setting forth claims of race, color discrimination and

retaliation against the Defendants within 180 days of the occurrence of the last

discriminatory act. A copy is attached as Exhibit A.

11.       The EEOC issued Plaintiff a Notice of Right-to-Sue dated September 17, 2021. A

copy is attached as Exhibit B.

## FACTS

12.     Plaintiff, an African American female, is a former employee at Methodist Hospital/HCA. Plaintiffs' former classification was Physical Therapist, and her tile was CVICU Rehab Liaison/ECMO Rehab Liaison.

13.     Plaintiff holds an Associate's Degree in Arts, a Bachelor's Degree in Health Science with a concentration in Health and Wellness, a Master's Degree in Business Administration in Healthcare Management and a Doctorate Degree in Physical Therapy.

14.     From March 2020 to August 2021, Plaintiff has received disparate treatment as a professional while working for Methodist Hospital/HCA.

15.     On a daily basis, Plaintiff was tasked with a greater demand or responsibility than other professionals within the department, and her direct supervisor. However, Plaintiff was not given the title or pay for her greater job duties and responsibilities. Plaintiff was performing duties outside of her classification.

16.     Plaintiffs' former classification is Physical Therapist, and her title was CVICU Rehab Liaison/ ECMO Rehab Liaison.

17.     Plaintiff was the only minority Liaison with Methodist Hospital Main Campus in the Rehabilitation Department that was managing day-to-day operations of three hospital-wide programs.

18.     Plaintiff has been employed by Methodist Hospital/HCA as a Physical Therapist since March 2016 and the CVICU/ECMO Rehab Liaison since 2018. Plaintiff was working in this capacity without incident until facts giving rise to this complaint. Plaintiff has always received positive performance evaluations and has not had any write-up or performance improvement plans. Plaintiff has been awarded and recognized by both the CEO, Dan Miller and the COO Kevin Scoggins on separate occasions. Also, Plaintiff has

4

been interviewed by CNN and WUSA9 for her hard work and achievements as well as having been featured on the hospital's social media.

19.     Plaintiff filed a formal complaint with Human Resources Business Partner (HRBP) Dolores DeHoyos in May 2020 of a hostile occurrence that took place when Laci Reynolds stood over Plaintiff in a threatening manner. Plaintiff emailed her concerns to DeHoyos, and a meeting took place to resolve the matter in June 2020 without resolve.

20.     In June 2020, Plaintiff was ambushed by David Enriquez (Physical Therapy Supervisor) and Laci Reynolds (Interim Director of Rehab) and taken off the schedule before her shift started. Plaintiff was scolded, falsely accused of insubordination and sent home on a 2-day suspension citing that she refused to see a patient. Plaintiff was ultimately written up for being "bullying, berating, condescending and disrespectful". Plaintiff was given a first and final corrective action which made her ineligible to apply for any other positions at Methodist Hospital/ HCA Healthcare including promotions for leadership positions.

21.     Plaintiff appealed the corrective action from June 2020 with the VP of HR Alicia Dittenhoefer, COO Kevin Scoggins and CEO Dan Miller. Dan Miller ultimately removed the corrective action from Plaintiffs' file after being presented with an audio recording that exonerated her from the egregious and false accusations of Laci Reynolds.

22.     Plaintiff filed an Ethics and Compliance complaint with the Chief Ethics and Compliance Officer Erica Rocha where she submitted audio recordings and several documents to support her claims of racial discrimination in the workplace. Rocha alleged she completed an internal investigation and Laci Reynolds was given a "corrective action" in or about May 2021.

23.     Plaintiff met with and filed a racial discrimination complaint with the District VP
Ethics and Compliance Officer Lori Allessee and no further communication regarding
status or findings has been issued to the Plaintiff. Plaintiff has also voiced her concerns in
two corporate-wide employee engagement surveys without resolve.

24.     Plaintiff was ambushed and harassed by Laci Reynolds, Alicia Dittenhoefer and
Janelle Lopez while working with patients in the ICU on May 26, 2021. Plaintiff was
called into a very small office without Reynolds, Dittenhoefer nor Lopez adhering to
hospital and CDC guidelines for social distancing. Plaintiff was given a written corrective
action for "refusing to participate in employee rounding", "displaying a pattern of
disrespect" and "failing to respond to her supervisor with what she did for her birthday".
This corrective was given to the Plaintiff in retaliation for her filed complaint with the
Ethics and Compliance Officer where a correction action was allegedly given to
Reynolds in the beginning of May 2021.

25.     Plaintiff appealed this second corrective action through HRBP Gabriela De La
Rosa, COO Kevin Scoggins, CEO Dan Miller and the VP Ethics and Compliance Officer
Lori Allessee and Michelle Coburn. CEO Dan Millers' ruling was to keep corrective
action in Plaintiffs' employee file.

26.     Plaintiff filed an EEOC complaint in May 2021 with an appointment given for
August 17, 2021, due to potential staffing issues. During this time, Plaintiff retained legal
representation for the EEOC proceedings. Plaintiffs EEOC charge was formally
submitted on June 23, 2021.

27.     Plaintiff was given a third written corrective action in the form of a verbal
warning on August 2021 for earning 4 points (2 tardies and 2 call-ins in 8 months) due to

retaliation from the corrective action Laci Reynolds allegedly received from Methodist Hospital/HCA Healthcare. (Refer to paragraphs 22 and 24).

28.     Plaintiff resigned from Methodist Hospital/ HCA Healthcare due to continued racial discrimination, retaliatory, unhealthy and hostile work environment conditions on August 24, 2021.

29.     Plaintiff was written up and given a corrective action that would disqualify her from applying for future job opportunities within the company while a white employee performing the same duties was not given a corrective action.

30.     To date, Methodist Hospital/ HCA Healthcare HR Business partner Gabriela De La Rosa and the VP of Ethics and Compliance District Officer Lori Alleessee have not followed up with Plaintiff regarding the status or results of two separate investigations where Plaintiff did not feel safe in her work environment.

31.     Plaintiff's Rehab Director Laci Reynolds, VP of HR Alicia Dittenhoefer, ACOO Janelle Lopez, COO Kevin Scoggins, Ethics and Compliance Officer Erica Rocha and District Ethics and Compliance Officers Lori Alleessee and Michelle Coburn and CEO Dan Miller utilized verbal intimidating comments during conversations about Plaintiff's concerns regarding her safety and well-being at the company. The comments include, but are not limited to, the following: "you are loud, aggressive, bullying, berating, condescending and disrespectful", "you want to be in a leader in the company so you need to act accordingly" "Laci is the director and you're just going to have to deal with it", "everything is all about perception and I can't just take your word for it but I can take the word of these 3 senior leaders".

32.      Plaintiff complained about the racially discriminatory conduct, but no remedial actions were taken by HR Business Partners, Dolores DeHoyos and Gabriela De La Rosa, VP of HR Alicia Dittenhoefer, ACOO Jenelle Lopez, COO Kevin Scoggins, CEO Dan Miller, Chief Ethics and Compliance Officer Erica Rocha, District VP of Ethics and Compliance Officer Lori Allessee and District Ethics and Compliance Office Michelle Coburn. No action was taken by Defendants to stop and/or prevent the improper conduct (systemic racial discrimination, harassment, bullying and retaliatory practices) from recurring and it continued until Plaintiff's ultimate decision to resign to protect herself.

33.      The racially discriminatory conduct was ongoing and of a continuing nature, and it created a racially discriminatory environment in which the Plaintiff was forced to work. To work in such an environment, caused Plaintiff embarrassment, suffering, mental and physical anguish.

34.      Plaintiff also sent a Cease-and-Desist Letter to Defendants due to the misuse of her private residence address which was used to further harass and intimidate Plaintiff.

35.      Upon information and belief, Defendants have a history of discrimination against African American employees in violation of Title VII.

## COUNT I- RACE DISCRIMINATION

## IN VIOLATION OF TITLE VII AND 42 U.S.C. §§1981 and 1983

36.      Plaintiff re-alleges and incorporates by reference paragraphs **1-35** above with the same force and effects as if fully set out in specific detail hereinbelow.

37.      Plaintiff was discriminated against by Defendants in the terms, conditions and privileges of her employment through the creation and toleration of a racially discriminatory work environment.

38.      Defendants, through its agents and employees, have a racial animus against African-Americans, including the Plaintiff.

39.      Plaintiff was directly affected by the discriminatory practices described in this complaint.

40.      The systemic discrimination, as previously set forth, further adversely affected Plaintiff by promoting and reinforcing racial stereotypes and racial bias in the workplace.

41.      The Plaintiff made good faith complaints on multiple occasions in opposition to the racial discrimination to which Plaintiff was subjected.

42.      The Defendants intentionally and maliciously discriminated against the Plaintiff by subjecting her to a racially discriminatory work environment, discriminatorily assigning her job duties, discriminatorily denying her promotions in classification, discriminatorily applying job requirements, and by subjecting the Plaintiff to stricter scrutiny than her Caucasian co-workers. As set out above, Defendants discriminatorily denied plaintiff promotions and privileges due to her race.

43.      As the result of the Defendants' conduct, the Plaintiff was deprived of income and other benefits due to her as a result of the continued discriminatory, harassing, bullying, retaliatory and collusive practices by multiple senior leaders at Methodist Hospital/HCA. Plaintiff also suffered embarrassment, humiliation, inconvenience, mental and physical distress.

44.      Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory damages is her only means of securing adequate relief.

45.    Plaintiff is suffering and will continue to suffer irreparable injury from the

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff request the following relief:

46.    Issue a declaratory judgment that the employment policies, practices, procedures,

conditions and customs of the Defendants are violative of the rights of the Plaintiff, as

secured by Title VII and 42 U.S.C. §§ 1981 and 1983.

47.    Grant Plaintiff a permanent injunction enjoining the Defendants, their agents,

successors, employees, attorneys and those acting in concert with Defendants and at the

Defendants' request from continuing to violate Title VII of the Act of Congress known as

"The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991," and 42

U.S.C. §§ 1981 and 1983.

48.    Grant the Plaintiff an order requiring the Defendants to make her whole by

awarding Plaintiff compensatory, and/or nominal damages, attorney's fees, costs, and

expenses.

49.    The Plaintiff further prays for such other relief and benefits as the cause of justice

may require, including, but not limited to, an award of costs, attorney's fees and

expenses.

Respectfully submitted,

Dr. Monica Fleming
ProSe

105 ELISABUTH RUN
SAN ANTONIO, TX 78253

10

165 Elisabeth Run
San Antonio, TX 78253

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

Dr. Monica Fleming
ProSe

165 ELISABETH RUN
SAN ANTONIO, TX 78253

Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendants the following: Summons, Complaint.

**Defendant's Address:**

Methodist Hospital
Human Resources Department
7700 Floyd Curl Drive
San Antonio, TX 78229

Methodist Hospital District Office
8201 Ewing Halsell Dr #280
San Antonio, Texas 78229

Dr. Monica Fleming
ProSe

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Monica Fleming**<br>**165 Elisabeth Run**<br>**San Antonio, TX 78253** | From:  **San Antonio Field Office**<br>**5410 Fredericksburg Rd**<br>**Suite 200**<br>**San Antonio, TX 78229** |

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **451-2021-02029** | **Sybil Edwards, Investigator** | **(210) 640-7563** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

9/17/2021

Enclosures(s)

For    **Norma Guzman, Acting Field Director**                    *(Date Issued)*

cc:  **METHODIST HOSPITAL/HCA**                          **Monica Fleming**
**Human Resources Deparment**                            **c/o Nicole Howard**
**7700 Floyd Curl Dr**                                         **HOWARD LAW FIRM, PLLC**
**San Antonio, TX 78229**                                    **633 E. Fernhurst Dr, Suite 1204**
                                                              **Katy, TX 77450**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:   **METHODIST HOSPITAL/HCA**
      **c/o Frank G. Simpson III**
      **1 Park Plz**
      **Bldg 1-2w**
      **Nashville, TN 37203**

# HOWARD LAW FIRM, PLLC

633 E. Fernhurst Dr, Suite 1204 • Katy, Texas 77450
Phone (346) 702-4344 • Fax (346) 245-8037 • nichole@nhowardlaw.com
**www.nhowardlaw.com**

June 23, 2021

*Via Facsimile (210) 281-2522*

EEOC – San Antonio District Office
Attn: Intake Officer
Legacy Oaks, Building A
5410 Fredericksburg Road
Suite 200
San Antonio, Texas 78229

**RE:     Notice of Representation for Dr. Monica Fleming**

Dear Intake Officer:

    Please be advised that Dr. Monica Fleming has retained me to represent her during the EEOC administrative proceedings.  Please direct all future communications regarding this matter to my attention.

    Attached for filing, please find Dr. Fleming's Charge of Discrimination.  If you have any questions or require additional information, please feel free to contact my office.  I may be reached by phone at (346) 702-4344 or by email at nichole@nhowardlaw.com.  Thank you.

Regards,

Nichole C. Howard
Managing Attorney

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | |

Texas Workforce Commission on Civil Rights   and EEOC

*State or local Agency, if any*

| Name *(indicate Mr. Ms. Mrs.)*<br>**Dr. Monica Fleming, PT, DPT, MBA, CKTS** | Home Phone (Incl. Area Code)<br>**(954) 655-1660** | Date of Birth |
|---|---|---|
| Street Address<br>**165 Elisabeth Run, San Antonio, Texas 78253** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Methodist Hospital/HCA** | No. Employees, Members<br>**501+** | Phone No. (Include Area Code)<br>**(210) 575-4000** |
|---|---|---|
| Street Address<br>**7700 Floyd Curl Drive, San Antonio, Texas 78253** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br><br>_X_ RACE  _X_ COLOR  ____ SEX  ___ RELIGION  __ NATIONAL ORIGIN<br><br>_X_ RETALIATION  ___ AGE  __ DISABILITY  __ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>**March 2020    Ongoing**<br><br>_X_ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.      I have been employed by Methodist Hospital/HCA as a Doctor of Physical Therapist/CVIC Liaison since March 2016. I have been working in this capacity without incident until the facts giving rise to this complaint. I have always received positive performance evaluations and have not had any write-up or performance improvement plans. I have been awarded and recognized by both the CEO and the COO on separate occasions. Also, I have been interviewed CNN and KENS5 for my hard work and achievements as well as having been featured on the hospital's social media.

II.     In February 2020, Laci Reynolds ("Reynolds; white, female") was selected at the Interim Director of Rehabilitation. When COVID became prevalent, we needed to develop a plan on how to treat patients safely. This was where Reynolds and I first had a disagreement. She told me I had a poor attitude and complained about my body language even though she would hover over me while sitting in an attempt to intimidate me.  This was the first time that I reported her behavior to HR.

III.    On or about June 23, 2020, I had been overbooked with patients and needed a lunch break. I sought assistance from several other co-workers to no avail including Supervisor David Enriquez. I was then called into Reynolds' office and scolded for not asking the appropriate persons for help. This was not true. Enriquez denied being asked, and I was completely surprised by his lie. The next day, I was removed from the schedule and unfairly given a 2-day suspension. I reported this mistreatment to HRBP Dolores DeHoyos as retaliation for my previous report, and I filed an appeal because Reynolds labeled the write-up as "first and final." With this label, I would not

be able to apply for any promotions, such as the Director of Rehab position. After appealing, it was overturned by CEO Dan Miller.

IV.    The position of Director of Rehab was finally posted in fall 2020, and I applied as well as several others including Reynolds. I believe she had attempted to prevent me from applying when she gave me the first and final warning.

V.     In or about October 2020, Reynolds was assigned to me for Rounding. This is a 5 to 10-minute sit-down with a supervisor to see what is or is not working well for employees. In my last complaint to HR, I had asked not to be left alone with Reynolds as this usually led to a problem. As such, I refused the rounding with her. No other person was assigned to me that month and no rounding took place between November through March. In April, Lori Evans, the Speech Therapy supervisor wanted to do rounding with me. I requested HR to be present and declined any meeting where HR would not be present. This request for HR presence was already on file with HRBP Dolores DeHoyos. It is the leaderships' responsibility to accommodate staff members when they do not feel safe which I did not. She never resent a rounding request with HR attached.

VI.    On or about February 5, 2021, our department was called to an area of the hospital for a "special announcement". This meeting was not mandatory, and it also violated social distancing guidelines set forth by Methodist Healthcare as no one was standing six feet apart. Multiple people walked in and out of this "special announcement" throughout the announcement that could have been perceived as potentially disruptive. During this meeting, Reynolds was recognized as the new Director of Rehab by Janelle Lopez, ACCO ("Lopez") who intentionally stood directly in front of me as if to taunt me. I left the meeting, as did several others, but was later reprimanded as being rude for leaving. This was documented in a meeting more than three months later when I was being ridiculed for the events in paragraph VIII.

VII.   On or about May 25, 2021, I filed a Corporate Ethics & Compliance complaint against Lopez, Reynolds, Dittenhoefer, Dolores DeHoyos (HRBP), David Enriquez, for racial discrimination, systemic oppression, systemic racism, a hostile work environment, and harassment in the workplace. Attached to my complaint were recordings and documentation to support my accusations. This report was made both to Erica Rocha, Chief Ethics and Compliance Officer and Allesee Lori, another Ethics representative.

VIII.  On Wednesday, May 26, 2021, I received multiple disruptive text messages from Reynolds while I was seeing patients. I looked for her once I was available and Dittenhoefer walked down the hallway and greeted me by saying, "Hey Monica! We are meeting in here." Confused regarding her presence to a meeting being called by Reynolds, I followed her into a very small office where Reynolds and Lopez were all present. This situation posed a risk as we are still in a pandemic and "senior leaders" were not practicing social distancing standards put in place by Methodist Hospital/HCA. Reynolds informed me that she was giving me a corrective action due to an alleged "pattern of inappropriate and unprofessional conduct in the workplace while being in violation of the Respectable Workplace Policy and the Methodist Healthcare ICARE values. In this meeting, I was berated with juvenile accusations written such as "ignoring a director when asked about if I had fun for my birthday." Reynolds wrote that I declined the required monthly rounding sessions with department leadership and that I provided no reason for non-participation. She said

that I displayed inappropriate and disrespectful behavior when I "stormed out of a team huddle led by the hospital ACOO, Janelle Lopez." I believe this was retaliation for naming all three women in my Corporate Ethics & Compliance complaint.

IX.     During this meeting, I expressed to Lopez my concerns of continuous bullying, harassment, racial discrimination, disrespectful, and retaliatory behavior and aggression demonstrated by Reynolds towards me. I also reminded Lopez of my request to Dolores DeHoyos as well as CEO Dan Miller, that Reynolds utilizes an HR rep for any private or one-to-one conversations with me. My reasoning for this request was due to me not feeling safe when speaking with Reynolds in private settings as she has lied on me on multiple occasions and abused her power by giving me an unjust corrective action in June 2020 which was later overturned by Dan Miller, CEO in 2020 as mentioned in Paragraph III.

X.      I have been subjected to a hostile work environment and passed over for promotions and opportunities that I might have otherwise have attained due to the discrimination and retaliation that I have experienced. I have had to seek private counseling to handle the stress and my family and friends can see how this situation has negatively affected me over the past year.

XI.     I believe that I have been discriminated against on the basis of race (black) and color (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Texas Commission on Human Rights Act (TCHRA), as amended.

XII.    I believe that I have been retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Texas Commission on Human Rights Act (TCHRA), as amended.

| | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
| 6/23/21<br>ID oVyc1HCh3GhnUfeBWfnDdvUV<br>Date   *Charging Party Signature* | ID oVyc1HCh3GhnUfeBWfnDdvUV<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

AMY ELIZABETH FARID
Notary Public, State of Texas
Comm. Expires 04-13-2024
Notary ID 130558314

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **oVyc1HCh36hnUfeBWtnDdvUV** |
| Signed by: | Monica Fleming |
| Sent to email: | monicaflemingdpt@gmail.com |
| IP Address: | 107.77.218.141 |
| Signed at: | Jun 23 2021, 3:08 pm CDT |



**U.S. Equal Employment Opportunity Commission**
**San Antonio Field Office**

5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229
(210) 640-7530
TDD: 1-800-669-6820
Fax: (210) 281-7690
1-800-669-4000

Respondent: METHODIST HOSPITAL/HCA
EEOC Charge No.: 451-2021-02029

June 30, 2021

Nicole Howard
633 E. Fernhurst Dr, Suite 1204
Katy, TX 77450
Via email - nichole@nhowardlaw.com

Dear Ms. Howard:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

| [X] | Title VII of the Civil Rights Act of 1964 (Title VII) |
| [ ] | The Age Discrimination in Employment Act (ADEA) |
| [ ] | The Americans with Disabilities Act (ADA) |
| [ ] | The Equal Pay Act (EPA) |
| [ ] | The Genetic Information Nondiscrimination Act (GINA) |

By **close of business (July 7, 2021)**, please provide a response to the following questions in reference to Monica Fleming's Charging Party's (CP) allegations:

1. Are there any other similarly situated Physical Therapist/CVIC Liaisons that are not of your protected group that have been overbooked with patients and have sought out assistance from co-workers and their supervisors?

2. If the above situation occurred, were any of the Physical Therapist/CVIC Liaisons that are not of your protected group ever written up and/or given a two-day suspension? If so, please provide their names, race and dates?

3. Provide the names and races of all known Physical Therapist/CVIC Liaisons currently employed in CP's department.

4. From September 2020 - February 5, 2021, explain in detail how CP's race was the determining factor in her difference in treatment compared to her similarly situated Physical Therapist/CVIC Liaisons.  Provide dates, what occurred, who caused the occurrence, and how race was a factor?

5. What occurred between February through May 25, 2021, that provoked CP into filing a discrimination complaint based on race?

6. What type of corrective action did CP receive on May 26, 2021?  i.e written, verbal, is it in her employment file?

7. Did CP appeal the corrective action from May 26, 2021?

Please be aware that we will send a copy of the charge to Texas Workforce Commission Civil Rights Division 101 East 15th St Guadalupe-CRD Austin, TX 78778 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal).

While the charge is pending, this office should be notified of any change in your client's address, or where they can be reached if they have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

## Sybil L Edwards

Digitally signed by
Sybil L Edwards
Date: 2021.06.30
17:53:23 -05'00'

Sybil Edwards
Investigator
(210) 640-7563

Supplement to Charge No. 451-2021-02029
Monica Fleming v. Methodist Hospital/HCA

## DECLARATION OF DR. MONICA FLEMING

My name is Dr. Monica Fleming and my date of birth is 05/18/1984. My address is 165 Elisabeth Run, San Antonio, Texas 78253. I am over eighteen years of age, of sound mind, and have never been convicted of a felony or crime or moral turpitude. I am otherwise fully competent to make this Declaration. Each of the facts stated herein is known to me personally and is true and correct.

1. "I would like to supplement my Charge No. 451-2021-02029 in response to the EEOC letter dated June 30, 2021 to include additional facts as requested in the aforementioned correspondence.

2. **EEOC Question 1:** Are there any other similarly situated Physical Therapist/CVICU Liaisons that are not of your protected group that have been overbooked with patients and have sought out assistance from co-workers and their supervisors?

   **RESPONSE:** During the past year while working with COVID patients, there were only 9 employees working the COVID units: 1 Black, 3 Hispanics, 4 Caucasians, and 1 Southeastern Asian/Indian. Cointa Munoz (Hispanic), Danny Rodriguez (Hispanic), Jennifer Hunt (Hispanic but white in appearance), Mahera Jeevanjee (Southeast Asian/Indian), Jeff Hunt (Caucasian), Katherine Johnson (Caucasian), David Darby (Caucasian), Thomas Alba (Caucasian).
   On multiple occasions, white and Hispanic members of this COVID team, who were in a group text thread via the company cell phone, told members of the staff that they were "done seeing patients the day" and "tapping out" and "patients can be seen tomorrow as they have reached their limit". None of these employees were given a corrective action or reprimanded for refusing to see patients. I have screenshots of the text message thread.

3. **EEOC Question 2:** If the above situation occurred, were any of the Physical Therapist/CVICU Liaisons that are not of your protected group ever written up and/or given a two-day suspension? If so, please provide their names, race and dates?

   **RESPONSE:** Katherine Johnson (Caucasian OTR) was not given a corrective action for not seeing a COVID patient on the weekend shift as Mr. Enriquez and Mrs. Reynolds informed me on audio recording and told her that it was okay if she didn't see the patient (I have a recording of this conversation). Kelly Orozco (Caucasian PT) saw a COVID Burn patient on a weekend shift and called me to verbally talk her through the process of donning and doffing PPE just as she did with Mr. Enriquez. Mrs. Orozco was able to see the patient successfully without incident. I also did the same for Jessica Estrada (Hispanic PT) who saw a COVID Burn patient over a weekend shift as well.

4. **EEOC Question 3:** Provide the names and races of all known Physical Therapist/CVICU Liaisons currently employed in CPs department.

**RESPONSE**: The liaison position is specific to the hospital unit that a therapist works in for a majority of the time. I am the only PT liaison for the CVICU (Cardiovascular ICU). There are only two PT Liaisons in my department; the other is Jeff Hunt (Caucasian) PT Liaison for the MSICU (Medical/Surgical ICU).

5.  **EEOC Question 4:** From September 2020 - February 5, 2021, explain in detail how CPs race was the determining factor in her difference in treatment compared to her similarly situated Physical Therapist/CVICU Liaisons. Provide dates, what occurred, who caused the occurrence, and how race was a factor?

**RESPONSE**: I was not rounded on from the months of November 2020-March 2021. Other employees were given the opportunity to send responses via email to the employee rounding questions and were followed up on by supervisors. I was not.

Laci Reynolds changed the Monthly Employee Rounding procedure on 5/28/2021, 2 days after I was written up for allegedly declining rounding. In this procedure document, Ms. Reynolds claims that employee feedback was that rounding was happening too often with employees not having much to report. As a result, Ms. Reynolds stated that each employee would round with the same supervisor from now on and Ms. Fleming was given to David Enriquez, PT Supervisor, whom I have multiple formal complaints against and given to HR that have yet to be resolved.

Katherine Johnson (Caucasian OTR) was given a pass by David Enriquez and Laci Reynolds not to see COVID patients on a weekend shift because she "did not feel comfortable with the PPE process" even though she volunteered to be on the COVID team. Per David Enriquez and Laci Reynolds, they allowed her not to see COVID patients but gave me a corrective action even though I attempted to find an alternative for a patient to be seen when I mentioned to my supervisor David Enriquez that I had reached my physical limit the day.

In February 2021, multiple, non-Black employees walked in and out of the special announcement that Janelle Lopez (Caucasian) gave when she announced that Mrs. Reynolds was selected as the permanent DOR. This was not a meeting nor was it mandatory. Some employees did not show up for the announcement. The announcement took place while violating CDC guidelines as well as the current social distancing policy put in place at the time by Methodist Hospital/HCA. To my knowledge, I am the only person who was reprimanded for leaving the meeting.

I was solely doing multidisciplinary rounds in CVICU for the past 2-3 years while Jeff Hunt (Caucasian) was doing rounds and mostly in MSICU/MICU. David Enriquez (Hispanic) controls the schedules Sunday through Tuesday and often times places and tells the schedulers to place me outside of the CVICU and replaces me with the other PT Liason Jeff Hunt (Caucasian) despite many physicians still calling upon me for recommendations or to see their patients.

I have also been removed from training new employees since Laci Reynolds' (Caucasian) tenure in February 2020. Reynolds assigned the other PT Liaison, Jeff Hunt (Caucasian), to train employees in CVICU and other units in the hospital despite me being the constant trainer of therapists for ECMO, LVAD and CVICU in general. I created and maintained the ECMO, LVAD and Heart Transplant Rehab program at Methodist Hospital since 2018 but was also removed from attending weekly, monthly and quarterly meetings which also included the Heart Transplant Selection Committee.

6. **EEOC Question 5:** What occurred between February through May 25, 2021, that provoked CP into filing a discrimination complaint based on race?

**RESPONSE:** I applied for the Director of Rehab (DOR) position back in April 2020 and November 2020. I was scheduled to interview with Lauren Davis (former ACOO), but Methodist/HCA went on a hiring freeze due to COVID in April and the position was placed on hold system wide. Laci Reynolds also applied for this DOR position. We were both interviewed in December 2020. Janelle Lopez ACOO, was responsible for selecting the final two candidates to interview with Dan Miller, CEO. Janelle Lopez selected Laci Reynolds and an external candidate and Dan Miller selected Laci Reynolds as the permanent Director of Rehab in February 2021. Janelle Lopez informed me that the external candidate was more qualified than Laci Reynolds but was not selected for the position. I have a recording of this conversation.

I filed a corporate (HCA) Ethics & Compliance complaint in February 2021 as Laci Reynolds should not have been eligible to apply to this permanent position due to Mrs. Reynolds falsely accusing me of bullying, berating, condescending and disrespectful behavior that was debunked by my audio recording. This "First & Final Written" corrective action in my personnel file on 6/23/2020 was done with collusion from Dolores DeHoyos and Alicia Dittenhoefer. This corrective action would've made me ineligible to apply to the permanent DOR position per Methodist/HCA policy that was ultimately overturned by Dan Miller. I have a recording of this response.

Mrs. Reynolds violated Methodist Hospital/HCA policy through retaliation, lies, abusing her power as the Interim DOR and sabotage against me. Mrs. Reynolds also violated the ICARE values and Respectful Workplace Policy of Methodist Hospital/HCA and thus should not have been eligible to apply for the permanent DOR position. Ms. Reynolds was not held accountable for any of her actions from any Senior Leader or given a corrective action to date.

7. **EEOC Question 6:** What type of corrective action did CP receive on May 26, 2021? i.e., written, verbal, is it in her employment file?

**RESPONSE:** I was given a written corrective action on 5/26/2021 by Laci Reynolds, DOR, Alicia Dittenhoefer, VPHR and Janelle Lopez, ACOO that is present in both my paper and electronic personnel file. This corrective action blocks me from applying for and/or moving up in a leadership positions as a corrective is maintained in an employee's personnel file for up to one year per Methodist/HCA Policy.

8. **EEOC Question 7:** Did CP appeal the corrective action from May 26, 2021?

**RESPONSE:** Yes, I did appeal the corrective action from 5/26/2021. I went through all the levels of the corrective action protocol at Methodist Hospital/HCA and emailed Gabriela De La Rosa to meet with me to appeal the corrective action on 5/27/2021. We met on Thursday 6/3/2021 as that time worked best for Mrs. De La Rosa's schedule to discuss the details of the corrective action and to receive the application/information to appeal. I submitted to Gabriela De La Rosa, HRBP both in writing in Gabriela De La Rosa's hand and via email her completed appeal application.

I also met with Kevin Scoggins on 6/10/2021 to appeal her corrective action and Mr. Scoggins decided less than 4hrs after his meeting with me, "to uphold the corrective action as written".

I also appealed the decision from Mr. Scoggins, COO and it was escalated to Dan Miller, CEO. I met with Mr. Miller on 6/21/2021 to discuss the specifics of my appeal and Mr. Miller made his decision on 6/25/2021 to "uphold the written corrective action".

9. I believe that I have been discriminated against on the basis of race (black) and color (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Texas Commission on Human Rights Act (TCHRA), as amended.

10. I believe that I have been retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Texas Commission on Human Rights Act (TCHRA), as amended."

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Dr. Monica Fleming
Complainant

7/7/2021
Date

STATE OF TEXAS
COUNTY OF _Harris_

I swear or affirm that I have read the above supplemental charge and that it is true to the best of my knowledge, information and belief.

_____
Dr. Monica Fleming
Complainant

7/7/2021
Date

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE __7/7/2021__.
(month, day, year)

AFTON ANDERSON
Notary Public, State of Texas
Comm. Expires 03-17-2025
Notary ID 132979561

_____
Notary Public, State of Texas



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website: www.eeoc.gov

September 8, 2021

Nicole Howard
633 E. Fernhurst Dr, Suite 1204
Katy, TX 77450
Via email - nichole@nhowardlaw.com

Re:    EEOC Charge:  451-2021-02029
       Charging Party:  Monica Fleming
       Respondent:    METHODIST HOSPITAL/HCA

Dear Nicole Howard:

This letter is to advise you that the Commission has made a preliminary determination to dismiss your client's above referenced charge of employment discrimination.  Our assessment of the charge took into consideration all the information offered by your client.

Our review of your client's charge at this point indicates that it is unlikely that further investigation will establish a violation of the laws we enforce.  The available information does not support a conclusion that your client's Color, Retaliation, Race-Black/African American were factors in your client's employment experiences.  Rather, the available evidence indicates two women who were after the same job.  They had a disagreement and the one who was in a supervisory position used that leverage to slur the other and gain the position she wanted,  Although your client made a protected complaint her reprimand was valid as she did not participate in doing her rounds and refused to do part of her job.  Also, your client only had one true comparator and based on her statement there was not any disparate treatment between them.  Your client still has not shown how her race was a factor in her employment experience.

Absent evidence warranting additional investigation of your client's discrimination claims, we decline to take further action on the charge and plan to dismiss it.

If your client's  charge is dismissed, **the final determination you will receive from us will explain that while we are not certifying that the employer is in compliance with the laws we enforce, we have determined that no further administrative action on the charge is warranted.**  The dismissal notice will represent a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and will describe your client's right to pursue the matter by filing a lawsuit in federal court within ninety (90) days of receipt of the dismissal notice.  If you or your client fail to file a lawsuit within the statutory ninety (90) day period following  receipt of our dismissal notice, your client's  right to sue in federal court will expire and cannot be restored by EEOC.

We hope this information is helpful to you.

Sincerely,
**Sybil L Edwards**
Sybil Edwards
Investigator
(210) 640-7563
sybil.edwards@eeoc.gov

Digitally signed by
Sybil L Edwards
Date: 2021.09.08
13:06:46 -05'00'