IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. MONICA FLEMING, | § § § | |
| *Plaintiff,* | § § § | SA-21-CV-01234-XR |
| vs. | § § § | |
| METHODIST HOSPITAL, METHODIST HOSPITAL/HCA HEALTHCARE/METHODIST MINISTRIES, C/O FRANK G. SIMPSON III; | § § § § § § | |
| *Defendants.* | § § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Defendant's Motion to Compel [#32], which was referred to the undersigned for disposition on June 7, 2023. The Court held a hearing on the motion on June 23, 2023, at which Plaintiff, who is proceeding *pro se*, and counsel for Defendants appeared via videoconference. At the close of the hearing, the Court issued its oral rulings, which are now memorialized with this written Order.

This is an employment case alleging race and color discrimination, retaliation, and a hostile work environment in violation of 42 U.S.C. § 1981. Plaintiff, who is African American, worked for Defendant as a Physical Therapist from 2016 until she resigned her employment in 2021. Defendants served Plaintiff with various Requests for Production and Interrogatories, seeking discovery regarding Plaintiff's mental health treatment history and her subsequent employment and income after her separation from Defendant. Plaintiff objected to the discovery on the basis of relevance and asserted the doctor-patient privilege. At her deposition, aside from testifying that she had seen a counselor through the Employee Assistant Program (EAP) run by

Defendants, Plaintiff refused to answer any questions regarding her subsequent earnings and income and her mental health treatment. Defendants thereafter filed this motion, seeking an order compelling Plaintiff to respond to the outstanding discovery.

Defendants argue that Plaintiff has placed her mental health and post-resignation earnings at issue by pleading emotional distress damages and seeking lost wages and front pay. Plaintiff's live pleading alleges she "suffered embarrassment, humiliation, inconvenience, mental and physical distress, and loss of enjoyment of life" and she seeks compensatory damages, in addition to other relief, including front pay/lost income. (Second Am. Compl. [#28], at ¶ 45.) The Court will grant Defendants' motion in part.

A party may discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Defendants may move for an order to compel discovery pursuant to Rule 37(a). Based on the pleadings before the Court, the Court finds that Plaintiff's mental health treatment and post-resignation efforts to find substitute employment and recent earnings are relevant to damages.

As to the doctor-patient privilege asserted by Plaintiff, there is no physician-patient privilege under federal common law. *Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785, 791 (5th Cir. 1993). And federal common law, not state law, governs Plaintiff's claim of privilege, as this case is governed by federal law. *See* Fed. R. Evid. 501. Federal law does, however, recognize a psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). Yet that privilege only protects confidential communications between the therapist and the patient during actual mental health treatment, such as conversations and notes taken during counseling sessions. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 471 (N.D. Tex. 2005); *see also Jaffee*, 518 U.S. at 15. Dates of treatment and names of providers are not subject to the

privilege.  *Id.*  The party asserting the privilege, here Plaintiff, bears the burden of demonstrating that the privilege exists under the circumstances presented.  *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

The discovery requests at issue include Interrogatory 4, which asks Plaintiff to identify all mental health treatment providers or other persons with whom she has sought treatment or counseling for any alleged emotional distress damages.  Defendants request the provider's name, business address, dates of treatment, any diagnosis received, and any treatment or medication prescribed.  This information is not protected by the privilege, and the Court will order Plaintiff to supplement her response to Interrogatory 4 by providing the requested information as to the EAP therapist at issue and any other mental health providers following her separation.

Request for Production 21 also concerns Plaintiff's mental health treatment but seeks "all medical records, psychiatric records, pharmacy records, or other documents showing damages that you have suffered due to emotional distress or mental anguish."  This request seeks potentially privileged information, such as the treatment notes in Plaintiff's mental health records at the core of the psychotherapist-patient privilege.  The Court therefore must evaluate whether Plaintiff has waived the privilege as to these documents by placing her mental health at issue.

The Fifth Circuit has not clearly established an approach for determining whether waiver has occurred, and district courts throughout the country are split between a variety of approaches. The broad view of waiver of the psychotherapist-patient privilege holds that when a party makes a claim for emotional distress damages, the privilege has been waived in its entirety.  *See Merrill*, 227 F.R.D. at 474 (surveying case law); *Awalt v. Marketti*, 287 F.R.D. 409, 417 (N.D. Ill. 2012) (same).  The narrower view holds that the privilege is waived only when the plaintiff introduces privileged communications into evidence directly or by calling a psychotherapist as a

witness. *Merrill*, 227 F.R.D. at 474. One middle approach holds that the privilege is waived when the plaintiff has taken the affirmative step in the litigation to place the diagnosis or treatment at issue by offering evidence of psychiatric treatment or medical expert testimony to establish a claim of emotional harm. *Id.* at 475. Another middle approach holds that a mere request for damages for mental anguish or emotional distress, as opposed to a cause of action based upon emotional distress, does not place a party's mental condition at issue and therefore the privilege is not waived. *Id.*

Plaintiff has not designated any mental health or psychiatric expert or taken any other affirmative step to prove her emotional distress damages. Plaintiff merely pleads garden-variety emotional distress along with her other compensatory damages. The Court therefore adopts the middle approach in this case and holds that Plaintiff has not waived the privilege by including these damages in her pleadings and will not require Plaintiff to provide any of the treatment records themselves to Defendants at this time. Again, Plaintiff must provide the names of her providers, dates of treatment, diagnoses and any prescribed medications or treatment regimen; she is not required to disclose any of the communications between herself and those providers or treatment notes themselves.

Finally, insofar as Plaintiff is asserting that Defendants have access to all of the requested information regarding the EAP counselor, Defendants confirmed at the hearing that although the EAP Program is an affiliate of Defendants, they are not permitted to obtain any information regarding Plaintiff's treatment without a signed authorization from Plaintiff. The Court will therefore order Plaintiff to complete the authorization provided by Defendants for the release of Protected Health Information. Defendants may use this authorization only to obtain information consistent with the limitations set forth in this Order.

As to Plaintiff's attempts to seek replacement employment and earnings following her resignation, Plaintiff confirmed at the hearing that she has held only two full-time jobs since her separation of employment with Defendants; that she has not and does not receive any investment or unemployment income; that she has not performed any contract work; and that Plaintiff does not receive any income from her podcast. Plaintiff should supplement her discovery responses by answering "none" to any question regarding other income not related to employment.

Additionally, the Court will order Plaintiff to supplement her discovery responses to Interrogatories 6 through 8 and Requests for Production 14 through 20 and 33 as follows. Plaintiff should provide a detailed response to Interrogatories 6 and 7, describing her efforts to find new employment. Plaintiff's response should be as specific as possible, including names of potential employers, specific position advertised, compensation offered and the outcome of her application. Plaintiff should also provide Defendants with a copy of her resume used for seeking employment post-separation. Plaintiff must also amend her answers by providing Defendants with her dates of employment and compensation and benefits information as to the two full-time positions held since her resignation, as well as compensation information (including benefits) received while working for Defendants. If Plaintiff has W-2s, she must provide these documents for 2019 to 2022. The Court will enter its standard Confidentiality and Protective Order, so when Plaintiff produces her W-2s, she may designate them "confidential" under the terms of that order, and she may also redact sensitive information, like her Social Security number, before producing the documents. In addition to producing her W-2s, Plaintiff should produce any offer letters or other documents she has in her possession that contain information about job title, compensation, and benefits for the two jobs she has had since working for Defendant. Finally,

Plaintiff must provide Defendants with the summary pages of her 2019 to 2022 tax returns with her redacted Social Security Number.

The Court notes that Defendants requested the reopening of Plaintiff's deposition in their motion. The Court will deny this request without prejudice in the event that the documents received in discovery are insufficient in some regard.

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel [#32] is **GRANTED IN PART** as set forth herein. Plaintiff must supplement her discovery responses on or before **July 7, 2023**.

SIGNED this 30th day of June, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE